Traore v. Sessions

BIA
Montante, IJ
A093 431 698

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand seventeen.

PRESENT:
>  ROBERT A. KATZMANN,
>       *Chief Judge,*
>  ROBERT D. SACK,
>  RICHARD C. WESLEY,
>       *Circuit Judges.*

_____

BOUBACAR EL HADJI TRAORE, AKA
BABACAR TRAORE,
>       *Petitioner,*

>  v.                                          16-3316
>                                              NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Anne E. Doebler, Buffalo, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; M. Jocelyn Lopez
                         Wright, Senior Litigation Counsel;
                         Melissa K. Lott, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of

Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and in part DENIED.

Petitioner Boubacar El Hadji Traore, a native and citizen of Senegal, seeks review of an August 31, 2016, decision of the BIA affirming a May 6, 2015, decision of an Immigration Judge ("IJ") denying Traore's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Boubacar El Hadji Traore,* No. A 093 431 698 (B.I.A. Aug. 31, 2016), *aff'g* No. A 093 431 698 (Immig. Ct. Buffalo May 6, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I. Time Bar Ruling**

An asylum applicant must demonstrate "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the

2

United States," or must demonstrate "either the existence of changed circumstances which materially affect the applicant's eligibility or extraordinary circumstances relating to the delay in filing an application."  8 U.S.C. § 1158(a)(2)(B), (D).  Our jurisdiction to review the agency's finding that an application is untimely, and that neither changed nor extraordinary circumstances excuse the untimeliness, is limited to "constitutional claims or questions of law."  *Id*. §§ 1158(a)(3), 1252(a)(2)(D).  No such question is implicated here because the IJ considered Traore's explanation that he believed he was listed on his wife's application, but found that it was not an extraordinary circumstance sufficient to explain a ten-year delay.  We dismiss the petition as to asylum because Traore merely challenges the IJ's factual determinations, which we lack jurisdiction to review.  *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 178-80 (2d Cir. 2006).

**II.  Merits**

The BIA did not err in denying withholding of removal. Traore claimed that members of the Movement of Democratic Forces of Casamance ("MDFC") threatened to kill him if he did not act as an informant, on account of his affiliation with the Socialist Party.  To qualify for withholding of

3

removal, an applicant must establish that his "life or freedom would be threatened" in the country of removal on one of five statutory grounds: "race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A); *see* 8 C.F.R. § 1208.16(b); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  Past persecution carries a presumption of future persecution.  *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 339 (2d Cir. 2006).  Otherwise, it is the applicant's burden to show "that it is more likely than not" that he "would be persecuted."  8 C.F.R. § 1208.16(b)(2); *see Melgar de Torres v. Reno*, 191 F.3d 307, 311 (2d Cir. 1999).  The applicant's fear must be objectively reasonable.  *Ramsameachire*, 357 F.3d at 178.

The BIA did not err in finding that Traore failed to establish his eligibility for asylum and withholding of removal insofar as those claims were based on the threatening actions of MDFC members.  As the BIA concluded, the members' single threat to harm Traore if he did not agree to serve as their government informant did not constitute past persecution.  *See Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006) (recognizing that unfulfilled threats alone do not constitute persecution); *Edimo-Doualla*

4

*v. Gonzales*, 464 F.3d 276, 283 (2d Cir. 2006) (finding that applicant must show more than harassment); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (stating that a "threat of detention . . . itself . . . is not past persecution").

The BIA did not err in finding that Traore failed to establish a well-founded fear of future persecution because he did not prove that his fear was objectively reasonable. 8 C.F.R. § 1208.13(b)(2)(i); *Ramsameachire*, 357 F.3d at 178. He conceded that he had no proof that MDFC members would recognize him if he returned to Senegal. After coming to the United States in 2000, Traore returned to Senegal for months at a time without incident. *See Kone v. Holder*, 596 F.3d 141, 150-51 (2d Cir. 2010). And Traore's family members, including his mother, who was also affiliated with the Socialist Party, remained unharmed in Senegal. *See Melgar de Torres*, 191 F.3d at 313 (noting that the absence of harm to similarly situated family members in the country weighs against finding a well-founded fear of persecution).

Because Traore's claims were all based on the same factual predicate, his failure to establish an objective fear of harm is dispositive of withholding of removal and CAT

5

relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction with respect to asylum, and DENIED in remaining part with respect to withholding of removal and CAT relief. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk